DIEGO G. GONZÁLEZ, Plaintiff and Appellant, v. SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 12685. Decided May 24, 1962.

*Víctor Gutiérrez Franqui, Luis F. Sánchez Vilella, C. Morales, Jr., Federico Ramírez Ross,* and *Juan E. Serrallés III* for appellant. *Hiram R. Cancio, Secretary of Justice, Arturo Estrella, Assistant Secretary of Justice,* and *Cándido Ceballos* for the Secretary of the Treasury of Puerto Rico.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

█ This case involves a situation similar to that in *Fuentes* v. *Secretary of the Treasury, ante,* p. 472. On August 18, 1953 plaintiff Diego González filed a petition for injunction in the Superior Court, San Juan Part, alleging that on March 10, 1952 the Secretary of the Treasury *assessed* deficiencies in his income tax for the years 1943 to 1949, both inclusive, in the amount of $37,972.85; that upon making the aforesaid assessment the Secretary did not comply with the provisions of § 57(a) of the Income Tax Act of 1924 which requires a notice to the taxpayer by registered mail from which he may appeal to the superior court; that as a result of the Secretary's failure to give such *final* notice the assessment of the tax was null and void. He requested that the Secretary be ordered to withdraw from collection the above-mentioned taxes and to proceed to notify pursuant to law the determined deficiencies.

Against this petition the Secretary of the Treasury filed a motion for summary judgment in his favor. With said motion he submitted a sworn statement setting forth: (1) that on October 22, 1951 he sent plaintiff a tentative notice of deficiency by *registered mail No. 9692* for the years 1943 to 1949, both inclusive, for the amount of $65,345.18; (2)

that on November 23, 1951 plaintiff requested reconsideration of said notice of deficiency; (3) that on December 13, 1951 he sent plaintiff a definite notice of deficiency by *registered mail No. 10274* for the same years, for the amount of $65,484.32; (4) that subsequently plaintiff requested that he be permitted to submit additional evidence and to that effect he set January 25, 1952 to consider said evidence; (5) that by virtue thereof he proceeded to readjust the deficiencies notified on December 13, 1951, and on February 14, 1952 plaintiff accepted the aforesaid deficiencies so readjusted signing the "Waiver of the Restrictions for the Assessment and Collection of Tax Deficiency" for each and every one of the years in controversy, and (6) that since plaintiff did not make the payment of these deficiencies, on March 10, 1952 he proceeded to assess the tax as it was accepted. Copies of the afore-mentioned waivers to the restrictions for the assessment signed by plaintiff on February 14, 1952 were attached to the motion for summary judgment.

The parties having been heard, on November 8, 1954 the trial court denied the petition for injunction. On appeal, this Court reversed said decision on March 11, 1958 by judgment rendered on the grounds stated in the case of *Fuentes v. Sec. of the Treasury*, 80 P.R.R. 198, and we remanded the case to the trial court for further proceedings. Once more before the trial court, the Secretary submitted the case on the evidence which accompanied his motion for summary judgment. Plaintiff did not contest said evidence. On January 23, 1959 the trial court decided that the Secretary of the Treasury had notified tax determinations to plaintiff by registered mail on October 22 and on December 13, 1951, before assessing, and had complied with the provisions of § 57 (a) of the Act. It being so, the petition for injunction was dismissed.

494

On April 22, 1959 plaintiff filed notice of appeal. All the grounds set forth in the case which we have just decided of *Fuentes* v. *Sec. of the Treasury*, *supra*, in support of the judgment appealed from therein are also applicable to support the judgment in this case. This is so even with more reason, since in the case at bar neither the problem of the death, nor of representation by an executor or judicial administrator exists. The notice of the final determination was made to plaintiff himself and he personally signed the so-called documents of waiver of restrictions for assessment and personally accepted the tax reduced from $65,484.32 to $37,972.85.

■ The notice of appeal filed in the case at bar is the same as the one filed in the case of Fuentes. As in that case, this appeal will be dismissed for lack of a constitutional question.